Dissenting Opinion.
Bermudez, C. ■ J.
The only questions which can be inquired into on this application for a certiorari and for a prohibition, relate to the regularity of the proceeding and to the jurisdiction of the court..
The case on the rule for contempt is an indepexxdent proceeding, *748 upon which the suit for an injunction can have no other bearing than that it is a judicial proceeding, in which a writ of a prohibitory character has issued to parties who are now the Relators before this Court.
Whether the writ of injunction was properly or improperly allowed, is not a question for investigation and determination in the present proceeding, provided the court which granted it had jurisdiction over the subject matter in which it was sought. If it had that jurisdiction, even doubtfully, the legality or illegality of the writ, cannot be tested in this proceeding, for the obvious reason that it would be deciding not only the right to the conservatory process, but also the merits of the injunction suit, in independent and disconnected proceedings, not at all germane, contradictorily only with the judge of the court whose dignity, it is alleged, was offended. It is putting an immediate end to the injunction suit.
It is only where a court, under no possible circumstance, can have jurisdiction over a subject matter and issues therein án .injunction, without any authority at all, that a disregard or violation of its prohibitory orders can be justified; but wrhere it may well be that the court has jurisdiction, and where it is apparent that a plea to its jurisdiction has not been made and, therefore, not overruled, a violation of the writ may well be visited with the punishment which all courts have the inherent power of inflicting.
If, for instance, a court was to issue an injunction restraining the Legislature from assembling, the Governor from exercising his functions, this Court from discharging its duties, a citizen from bearing arms openly, any person from the free exercise of his religion, the people from peaceably assembling, citizens from petitioning the government for a redress of grievances, the editors or proprietors of a newspaper, or any individual from publishing anything at all, without previously obtaining permission or authority to do so, an infringement of such injunction, however wilful, intentional, open and repeated, could not be punished for contempt, because it would be manifest that on the face of the writ, the court could, under no imaginable circumstance, be justified in making sueli orders, and because the infraction of the same could, in no conceivable case, work any injury, for which a suit in damages would lie, inasmuch as the exercise of constitutional rights can wrong no one, in any supposable contingency.
In the present case, the proceeding by rule for contempt was regular, and the court had jurisdiction to punish for contempt, if it thought the writ had been violated.
It does not appear that a preliminary defense has been filed and overruled in the injunction suit. It is not pretended that the District Court usurped the jurisdiction belonging to another court.
*749 Tt is claimed that it has no jurisdiction, no power, over the subject matter of the suit, that it cannot entertain the demand, hear, try and determine the questions presented, and, therefore, could issue no injunction in protection or vindication of- the rights averred by the plaintiff in the suit.
If the case be unappealable, a prohibition, on proper averments, would bring up the question of power or jurisdiction, raised as to the main suit, so as to enable this Court t.o express an opinion on the ■subject. If it be appealable, the same question of power or jurisdiction could be reviewed on appeal.
Until the wise and solemn requirements of the law shall have been observed, to test the power or jurisdiction of the District Court in the injunction suit itself, this Court has no authority to overleap the barrier imposed by law.
Whatever may be the provisions incorporated in the paramount law of the land and in the local organic law, protective against an abridgement of the freedom of the press, and whatever may be the privileges and immunities thereby secured, it is not manifest that the District Court, had no jurisdiction over the subject matter and could not have issued and enforced the injunction.
Two District Judges of learning and ability, of undoubted integrity, one making the order for the writ and another enforcing obedience to it, cannot be so blind, ignorant or reckless, as to have unheeded the constitutional safeguards invoked or dealt lightly with the question presented.
They may have consulted a different law dictionary, Bouvier’s for instance, which enjoys some popularity, and which defines liberty of the press t.o be “ the right to print and publish the truth from good motives and for justifiable ends,” referring to authority.
Hence, as such want of.power or jurisdiction over the subject, matter was not. dazzling, the action complained of should not be presently disturbed, on the ground of the absence of such power. It is safer and wise, t.o wait until the issue is presented in the suit itself. It would have been better practice to have sought relief in the case, itself, which this Court might have, granted, in the exercise, of its supervisory powers, in a, case of importance or urgency.
However probable it be, that on the trial of an issue in the injunction suit, it might beheld that the remedy should not have been allowed, it should not be so declared now, in the absence of the plaintiff, who has not had his day in court, and contradictorily alone with the District Judge. It is only when the time comes and when the matter is properly presented, that the question can be legally solved.
*750 Provisions of equal sacredness and magnitude, in both systems, loudly proclaim that all courts shall be open, that every person shall be en titled to claim protection for life, liberty, property, reputation and for all rights, and shall have adequate remedy by due process of' law, and justice administered without denial or unreasonable delay.
A suppression of either of those inalienable rights, would be an arrogation of powers intentionally denied and withheld, and a despotic, annihilation of the palladium of American security and independence.
Levy, J., absent.